FRANK WANAMAKER, Plaintiff, *v.* ALBERT F. SCHULTZ, Defendant.

County Court, Erie County, September, 1924.

Justice's Court — appeal — verdict of jury in replevin action not against weight of evidence — failure of justice of peace to enter judgment in alternative for value of chattels does not affect merits of case — judgment modified so as to fix value of chattels at time of trial.

In an action in a Justice's Court for replevin a verdict of the jury directing the return of the chattels to the defendant, upon which judgment was entered, is not against the weight of evidence, and the judgment should not be reversed on that ground, where there was a question of fact in the case which the jury could have determined either way, and there is nothing to show that they did not decide the question fairly.

The failure of the trial justice to enter judgment in the alternative for the value of the chattels does not affect the merits of the case since it is a mere irregularity which may be cured by the appellate court by a modification of the judgment appealed from and does not necessarily call for a reversal.

Accordingly, the judgment may be modified to provide in the alternative for the recovery of the value of the chattels as testified to by the plaintiff at the trial and as stated in his affidavit in replevin, since there is no evidence showing any decrease in the value of the chattels, and since a condition once established will be presumed to continue.

APPEAL from judgment of Justice's Court in an action for replevin.

*Knight & Bentley (John Knight,* of counsel), for the plaintiff.

*Charles W. Strong,* for the defendant.

NOONAN, J. This is a replevin action  The facts, except as to the ownership of the property, are undisputed. The plaintiff owned a farm and cattle, and the defendant was his tenant on shares, and also owned cattle, some of which he sold to the plaintiff. The fight is over the ownership of three cows. After the defendant had failed to give a bond for the return of the cows, the justice ordered them delivered to the plaintiff, who has had possession of them ever since.

At the trial the jury rendered a verdict that " The three cows shall be returned to Schultz," and thereupon the justice entered judgment in favor of Albert F. Schultz, defendant, and against Frank Wanamaker, plaintiff, for the return of the three cows to Schultz, with fifteen dollars and ninety-five cents costs.

From this judgment the plaintiff has appealed upon questions of law only. He claims that the verdict was not in accordance with the weight of evidence, and that the judgment does not conform to the provisions of section 117 of the Justice Court Act, in that it does not fix the value of the chattels to be paid in case delivery thereof cannot be had.

There was a disputed question of fact in the case which the jury, from the evidence, could decide either way. The decision of the jury upon questions of fact must stand unless there is something to show that the jury did not decide the question fairly. The unbiased attitude of the jury is not even questioned by the plaintiff, and it cannot be said that the judgment, as a matter of law, is against the weight of evidence. Therefore, the court has no right to reverse the judgment on the first point urged by plaintiff.

Under section 451 of the Justice's Court Act the appellate court has wide powers. It " must render judgment according to the justice of the case without regard to technical errors or defects which do not affect the merits. It may affirm, modify or reverse the judgment of the justice in whole or in part  *  *  *." The failure of the trial justice to enter judgment in the alternative does not affect the merits of the case. It is a mere irregularity. In *Lewin* v. *Towbin*, 31 Misc. Rep. 780, the court said: " The judgment appealed from was not in the alternative, but it may be modified by providing that plaintiffs recover possession of the chattels in suit, and if delivery thereof cannot be made, then for the sum of eighty-one dollars, the value thereof,  *  *  *, and as modified the judgment should be affirmed."

In *Wolf* v. *Farley*, 40 N. Y. St. Repr. 808, 811, it was held that " The omission to render judgment in the alternative is an irregularity, however, which may be cured by the appellate court by a modification of the judgment appealed from, and does not necessarily call for a reversal."

The plaintiff testified at the trial. that the " Market value at time cows were taken was $50.00 per head." He stated the same value in his affidavit in replevin. Section 115 of the Justice Court Act provides the verdict or judgment, as in the instant case, must fix the value of the chattel at the time of trial. As there is no evidence showing any decrease in value of chattels, and as a condition once established is presumed to continue, I think the appellate court is justified in fixing the value of the cows at $50 each, or a total of $150.

The judgment may be modified by providing that the defendant recover possession of. the chattels in suit from plaintiff, and if delivery thereof cannot be made, then for the sum of $150, the value thereof, with $15.95 costs. The defendant is also awarded statutory costs on appeal.

Let an order be entered accordingly.

Judgment accordingly.